### Martin *v.* Martin.

*Where the defendant in such action on cross-examination has inquired [104 about the familiar intercourse of the daughter with him, known to the family, it is competent for the plaintiff to rebut any inference against him on that account, by proof that the defendant addressed the daughter under pretence of an intention to marry her.

CASE, by the plaintiff, for the seduction of his daughter. On the examination of the daughter as a witness, she was asked if the defendant prevailed over her by promise of marriage. This was objected to, but admitted by the court reserving the point. Another witness was called and asked by the plaintiff, as to the standing of the plaintiff's family. This was objected to.

*Jarvis* and *Starkweather* moved for a new trial, because evidence was admitted of the promise of marriage.

*Loomis* and *Metcalf*, contra.

---

### CATHERINE MARTIN *v.* JOHN MARTIN.

#### Divorce—alimony pendente lite.

Alimony pendente lite will be allowed for the support of a wife and children upon affidavits showing the marriage, separation, &c.

DIVORCE. Application for an allowance to the petitioner and his children, pendente lite.

THE COURT being satisfied by affidavits of the marriage, the

Reed v. McGrew.

separation, &c., *Order* that the defendant pay the clerk for the subsistence of the complainant, thirty dollars, and thirty dollars in addition, to enable her to sustain the children; one-half to be paid in thirty, and the residue in ninety days ; and in default of payment, that execution issue therefor.